UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
SAM GRIJALVA JR.,
    Debtor.                                 No. 7-05-21678 SA

SAM GRIJALVA JR.,
    Plaintiff,
v.                                         Adv. No. 06-1118 S

NM TAXATION & REVENUE DEPT.,
    Defendant.

## MEMORANDUM OPINION ON DEFENDANT'S
## MOTION TO DISMISS OR ABSTAIN

This matter is before the Court on NM Taxation & Revenue Department's ("Defendant") Motion to Abstain. (Doc 4). The parties have resolved all issues except those related to Count 2 of the Complaint, which seeks to void the liens filed by Defendant. For the reasons set forth below, the Court finds that it should abstain and dismiss this adversary proceeding.

## HISTORY OF THE CASE

Defendant assessed a tax claim against the Debtor after a 2002 audit determined that Debtor owed taxes for a six year period. Debtor hired tax counsel and protested some of the assessments. The tax protest was underway when the Debtor filed a Chapter 7 bankruptcy. (Debtor later withdrew the protest in January 2009 before it was finally adjudicated.)

Debtor filed his Chapter 7 case on October 14, 2005. The first meeting of creditors was held and concluded on November 27, 2005 and the Trustee filed a Report of No Distribution. (Docs 11, 12). Debtor was discharged on January 26, 2006 and the case

was closed on that date.  (Docs 13, 14).  On April 28, 2006, Debtor filed a motion to reopen the case in order to file adversaries against the Internal Revenue Service and the New Mexico Taxation and Revenue Department to deal with liens and dischargeability of tax debt.  (Doc 15).  The motion to reopen was denied as unnecessary on May 1, 2006.  (Doc 16).  On May 2, 2006, Debtor filed two adversaries, one against the Internal Revenue Service (06-1119) and one against Defendant (06-1118).  On June 2, 2006 Debtor filed a second motion to reopen the case, claiming that the adversaries may result in assets to be administered.  The Court denied the second motion to reopen, suggesting that if assets were realized then the case could be reopened.  Debtor filed a third motion to reopen on October 16, 2006 (Doc 22).  The third motion to reopen was granted on October 24, 2006 and the original trustee was reappointed.  (Doc 23).  The Trustee filed a report of assets on November 1, 2006 and the Clerk entered a Notice of Possible Dividend the same date.  (Doc 26).  Defendant filed a proof of claim on November 16, 2006.  (Claim 2).  The Trustee later (on January 31, 2007) filed another Report of No Distribution.  The case was reclosed on February 20, 2007.

**DISCUSSION**

In their briefs, the parties argue the 11th Amendment, which bars suits against the state in federal court.  However, the

Page -2-

Case 06-01118-s    Doc 32    Filed 09/23/09    Entered 09/23/09 10:31:37 Page 2 of 7

Court finds that this issue was mooted when Defendant filed a proof of claim in November, 2006. Filing of a proof of claim waives any immunity a state might have had respecting adjudication of the claim. Wyoming Dept. of Transportation v. Straight (In re Straight), 143 F.3d 1387, 1389-90 (10th Cir.), cert. denied, 525 U.S. 982 (1998)(citing Gardner v. New Jersey, 329 U.S. 565, 574 (1947)). Therefore, sovereign immunity is not the issue in this case.

Defendant argues that the Tax Injunction Act, 28 U.S.C. § 1341 prevents this Court from hearing this case. That section provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Defendant further argues that a plain, speedy and efficient remedy is available under Section 7-1-26(c)(2) NMSA, which allows Debtor to pay the tax and sue for a refund. See United Taconite, L.L.C. v. Minnesota (In re Eveleth Mines, L.L.C.), 318 B.R. 682, 690 (8th Cir. B.A.P. 2004)("Once the Tax Injunction Act is triggered, the federal court may only exercise its jurisdiction if it finds that a plain, speedy and efficient remedy cannot be had in the state court.")

Debtor disagrees, arguing that § 505(a) of the Bankruptcy Code gives the Court jurisdiction. That section provides:

> (a)(1) Except as provided in paragraph (2) of this
> subsection, the court may determine the amount or
> legality of any tax, any fine or penalty relating to a
> tax, or any addition to tax, whether or not previously
> assessed, whether or not paid, and whether or not
> contested before and adjudicated by a judicial or
> administrative tribunal of competent jurisdiction.
> (2) The court may not so determine--
> (A) the amount or legality of a tax, fine, penalty, or
> addition to tax if such amount or legality was
> contested before and adjudicated by a judicial or
> administrative tribunal of competent jurisdiction
> before the commencement of the case under this title;
> ...

Debtor is correct.

> Ordinarily, § 1341 will preclude a federal court from
> considering actions to "enjoin, suspend or restrain the
> assessment, levy or collection of any tax under State
> law where a plain, speedy and efficient remedy may be
> had in the courts of such State." See Brooks v. Nance,
> 801 F.2d 1237, 1240 (10th Cir. 1986) ("for purposes of
> section 1341, Oklahoma provides an adequate remedy to
> challenge the lawfulness of its taxing policies and
> practices under the Oklahoma Cigarette Tax Act").
> Section 1341, however, will not preclude the
> determination of state tax liability where federal
> courts have jurisdiction under the Bankruptcy Code, 11
> U.S.C. § 505. See Adams v. Indiana, 795 F.2d 27, 29
> (7th Cir. 1986); cf. Geiger v. City of Southfield (In
> re Continental Credit Corp.), 1 B.R. 680, 686 (Bankr.
> N.D. Ill. 1979) (interpreting predecessor statute, §
> 2(a)(2A) of the Bankruptcy Act).

City Vending of Muskogee, Inc. v. Oklahoma Tax Commission, 898 F.2d 122, 123-24 (10th Cir.), cert. denied, 498 U.S. 823 (1990).

See also Daniels v. County of Chester (In re Daniels), 304 B.R. 695, 700 (Bankr. E.D. Pa. 2003):

> To the extent that a bankruptcy court must determine a
> debtor's tax liability in an area where such a
> determination may otherwise be barred by the Tax
> Injunction Act, the overwhelming majority view is that
> Congress expressly conferred jurisdiction on bankruptcy

Page -4-

Case 06-01118-s    Doc 32    Filed 09/23/09    Entered 09/23/09 10:31:37 Page 4 of 7

>     courts to do so in § 505 of the Code. <u>In re Hechinger Investment Co. of Delaware, Inc.</u>, 254 B.R. 306, 315 (Bankr. D. Del. 2000).

This does not end the discussion, however. A court's use of § 505(a)(1) is discretionary. ("The court may determine" the amount of tax.) <u>See, e.g.,</u> 1A, Norman Singer and J.D. Singer, Sutherland Statutory Construction § 21:8 (6th ed.)("When the action is mandatory 'shall' should always be employed. When the action is permissive 'may' should be used.") So, the issue becomes whether this Court should use its discretion to determine the amount of tax due.

There are two policies underlying § 505's grant of power to determine state tax matters. <u>City Vending</u>, 898 F.2d at 124. First, it allows a prompt resolution of tax liability in the same forum that is addressing the debtor's overall financial condition. <u>Id.</u> at 124-25. Second, it protects creditors from a dissipation of estate assets which could result if the creditors were bound by a tax judgment which the debtor, due to his ailing financial condition, did not contest. <u>Id.</u> at 125. <u>See also</u> <u>Daniels</u>, 304 B.R. at 701 (Discussing same two policies.) In general, when deciding whether to exercise its discretion to hear the tax matter, the Court must consider whether a bankruptcy purpose would be served. <u>Chance Rides, Inc. v. New Jersey (In re Chance Rides, Inc.)</u>, 2001 WL 34656216 at *3 (Bankr. D. Kan. 2001).

In this case, the Court sees no bankruptcy purpose that would be served by taking jurisdiction over this tax matter. The case is closed; there is no estate to administer; there would be no impact on any creditor (except the Defendant). The first policy would not be served because a prompt resolution will not aid in administering the estate because there is no estate. The second policy would not be served because any reduction in tax liability would not be shared with creditors. In summary, the Court finds that it should abstain. This decision is in conformity with those in other no-asset cases in which the debtors have tried to use the Bankruptcy Court to determine tax liability. See, e.g., Cunningham v. Georgia Dept. of Revenue (In re Cunningham), 278 B.R. 290, 292 (Bankr. M.D. Ga. 2002)("The weight of authority demonstrates that abstention is generally appropriate in no-asset Chapter 7 cases. This is because no bankruptcy purpose would be served by a tax determination if no distribution will be made.")(Collecting cases.)

In conclusion, the Court will enter an Order abstaining and dismissing this adversary proceeding.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: September 23, 2009

Copies to:

James C Jacobsen
111 Lomas NW Ste 300
Albuquerque, NM 87102-2368

Louis Puccini, Jr
PO Box 50700
Albuquerque, NM 87181-0700

Shay E Meagle
PO Box 50700
Albuquerque, NM 87181-0700

Case 06-01118-s    Doc 32    Filed 09/23/09    Entered 09/23/09 10:31:37 Page 7 of 7